**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **HERITAGE PACIFIC FINANCIAL, LLC** | § | |
| **D/B/A HERITAGE PACIFIC FINANCIAL** | § | |
| **and CHRISTOPHER GANTER,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **SHELTON INVESTIGATIONS, LLC** | § | |
| **and ELIZABETH ARDEN** | § | |
|     **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT &
APPLICATION FOR INJUNCTIVE RELIEF**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC FINANCIAL and CHRISTOPHER GANTER, Plaintiffss, who file this it *Original Complaint & Application for Injunctive Relief* complaining of Defendants, SHELTON INVESTIGATIONS, LLC, and ELIZABETH ARDEN and for cause shall show:

### A. PARTIES

1. Plaintiff, HERITAGE PACIFIC FINANCIAL, LLC, is a limited liability company doing business as HERITAGE PACIFIC FINANCIAL (hereinafter "HERITAGE") that is organized under the laws of the State of Texas.

2. Plaintiff, CHRISTOPHER GANTER, is an individual who is domiciled in the State of Texas.

3. Upon information and belief, Defendant, SHELTON INVESTIGATIONS, LLC (hereinafter "SHELTON") is a foreign limited liability company organized under the laws of the

State of Indiana and may be served with process, by serving its **registered agent, Kenneth L. Shelton, at 117 West Maumee Street, Suite D, Angola, IN 46703**.

4. Upon information and belief, Defendant, ELIZABETH ARDEN (hereinafter "ARDEN"), is an individual residing in the State of California, who may be served at **P.O. Box 61359, Sunnyvale, CA 94088**.

## B. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1), because Plaintiffs and Defendants are citizens of different states and the amount Plaintiffs seeks to recover exceeds $75,000.00, excluding interest and costs.

## C. FACTS

6. HERITAGE is in the business of servicing non-performing loans. HERITAGE's business is largely dependent upon its reputation, character, and integrity in order to establish business contacts and relations, solicit and secure new clients, retain current clients and to secure payment from borrowers on the loans/debts that HERITAGE owns and/or services. CHRISTOPHER GANTER is HERITAGE's Chief Executive Officer.

7. SHELTON, a private investigations firm, solicits business throughout the United States and engaged in business with HERITAGE in or about May of 2009.

8. In or about July of 2009, a dispute arose between HERITAGE and SHELTON.

9. On or about August 14, 2009, SHELTON published, on the world wide web, utilizing *Complaints Board*, a statement that, among other things, alleged – expressly or impliedly – that HERITAGE:

   a. Was not a legitimate "collection company;"

   b. Engaged in questionable business practices;

PLAINTIFFS' ORIGINAL COMPLAINT & APPLICATION FOR INJUNCTIVE RELIEF –  
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

PAGE 2

   c. Misrepresented itself as a company doing business throughout the United State;

   d. Is not incorporated nor organized as a corporation or limited liability company;

   e. Along with CHRISTOPHER GANTER is being sued; and

   f. Should not be trusted.

10. Upon information and belief, ARDEN is the Registrant of the website, *Complaints Board*, on which SHELTON published its statement.

### D. COUNT ONE – DEFAMATION
### AGAINST SHELTON & ARDEN

11. Plaintiffs incorporate by reference paragraphs 1 through 10 hereinabove as if set forth verbatim herein.

12. Defendant, SHELTON, published on ARDEN's website, false and defamatory statements, in written form and asserted as facts, referring to Plaintiffs. Said statements are objectively verifiable as false. ARDEN, in permitting SHELTON's statements to be published on her website, republished the false and defamatory statements.

13. In publishing said false and defamatory statements, Defendant, SHELTON, was acting willfully and with actual malice, and Defendant, ARDEN, was acting negligently and/or is strictly liable to Plaintiffs without regard to fault.

14. As a result of Defendants' wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

### E. COUNTS TWO & THREE – LIBEL & LIBEL PER SE
### AGAINST SHELTON & ARDEN

15. Plaintiffs incorporate by reference paragraphs 1 through 14 above as if set forth

verbatim herein.

16. Defendant, SHELTON, published on ARDEN's website, false and defamatory statements, in written form and asserted as facts, referring to Plaintiffs. Said statements are objectively verifiable as false. ARDEN, in permitting SHELTON's statements to be published on her website, republished the false and defamatory statements.

17. As a result of Defendants' wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

### F. COUNT FOUR – BUSINESS DISPARAGEMENT AGAINST SHELTON

18. Plaintiffs incorporate by reference paragraphs 1 through 17 hereinabove as if set forth verbatim herein.

19. Defendant, SHELTON, published false and disparaging statements, on ARDEN's website, regarding HERITAGE's economic interests. Specifically, Defendant's statements concerned the nature, financial position and/or character of Plaintiffs' business.

20. In publishing said false and disparaging statements, Defendant, SHELTON, was acting with actual malice and without privilege.

21. As a result of Defendant's wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

### G. COUNT FIVE – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT AGAINST SHELTON

22. Plaintiffs incorporate by reference paragraphs 1 through 21 hereinabove as if set forth verbatim herein.

23. Plaintiff, HERITAGE, has valid contracts with a number of borrowers, which Defendant, SHELTON, knew. Specifically, HERITAGE, as assignee of non-performing

promissory notes and/or debts, has a number of contracts with borrowers wherein borrowers are to pay Plaintiff on promissory notes that borrowers executed in relation to the purchase of real property. Defendant, SHELTON, had actual and/or constructive knowledge of the nature of Plaintiff's business and the existing contracts that Plaintiff had with borrowers.

24.     Defendant, SHELTON, a stranger to the contract, willfully and intentionally interfered with Plaintiff's contracts, which proximately caused Plaintiff injury as more particularly described herein.

## H.  COUNT SIX – TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS AGAINST SHELTON

25.     Plaintiffs incorporate by reference paragraphs 1 through 24 hereinabove as if set forth verbatim herein.

26.     There was a reasonable probability that Plaintiff, HERITAGE, would have entered into new business relationships with third-persons, with which Defendant, SHELTON, intentionally interfered.

27.     Defendant's, SHELTON, conduct was independently tortuous or unlawful and proximately caused Plaintiff's injury, which further caused Plaintiff actual damage or loss as more particularly described herein.

## I.  DAMAGES

28.     Plaintiffs incorporate by reference paragraphs 1 through 27 hereinabove as if set forth verbatim herein.

29.     Defendants', SHELTON and ARDEN, wrongful conduct proximately caused injury to Plaintiffs. Specifically, Defendants', SHELTON and ARDEN, false and defamatory statements, published and/or republished by Defendants, respectively, have:

a. Impaired HERITAGE's ability to secure clients in HERITAGE's business and/or have caused HERITAGE to expend additional resources to secure said clients;

b. Impaired HERITAGE's ability to retain clients in HERITAGE's business and/or have caused HERITAGE to expend additional resources to retain said clients;

c. Impaired HERITAGE's ability to secure payments from borrowers and/or have caused HERITAGE to expend additional resources to secure payment from said borrowers;

d. Tarnished and injured Plaintiffs' reputation, and the reputation of HERITAGE's members, directors, officers, agents and employees thereby exposing HERITAGE and HERITAGE's members, directors, officers, agents and employees, including but not limited to CHRISTOPHER GANTER, to public hatred, contempt, ridicule, financial injury, and impeaches their honesty, integrity, virtue, or reputation.

30. Plaintiffs seek unliquidated damages that are within the jurisidictional limits of the court.

31. Plaintiffs further seeks special damages, including but not limited to:

a. Lost past and future income and/or profits;

b. Injury to reputation;

c. Loss of employment and business opportunity; and

d. Loss of business.

## J. EXEMPLARY DAMAGES

32. Plaintiffs incorporate by reference paragraphs 1 through 31 hereinabove as if set forth verbatim herein.

33. Pursuant to TEXAS CONSTITUTION, Article 16, Section 26, and TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 71.009, Plaintiffs seek exemplary damages from SHELTON for harm caused by Defendant's willful and intentional acts and/or omissions.

34. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 41.003(a)(2), as defined by Section 41.001(7), Plaintiffs seek exemplary damages from SHELTON for harm caused by Defendant's malice.

## K. REQUEST FOR PRELIMINARY INJUNCTION AGAINST SHELTON AND ARDEN

35. Plaintiffs incorporate by reference paragraphs 1 through 34 hereinabove as if set forth verbatim herein.

36. Plaintiffs will suffer irreparable harm if Defendants, SHELTON and ARDEN, including their members, directors, officers, agents, employees, and those acting in concert with them or subject to their control, are not enjoined during the pendency of this lawsuit from:

**Publishing or causing to be published – in written, oral, or graphic form or action -- any false, defamatory, or disparaging statements against Plaintiffs, HERITAGE and GANTER, and/or HERITAGE's members, directors, officers, employees or agents, that are expressly or impliedly asserted as facts, regarding Plaintiffs' nature, financial position and/or character, including but not limited to any statements alleging or of the following like, kind or nature:**

**a. Heritage Pacific Financial is not a legitimate "collection**

company;"

    b. **Heritage Pacific Financial is engaged in questionable business practices;**

    c. **Heritage Pacific Financial misrepresents itself as a company doing business throughout the United States;**

    d. **Heritage Pacific Financial is not incorporated nor organized as a corporation or limited liability company; and**

    e. **The members, directors, officers, agents, and employees of Heritage Pacific Financial, including but not limited to CHRISTOPHER GANTER, are being sued.**

37. There is a substantial likelihood that Plaintiffs will prevail on the merits, because Plaintiffs are ready, willing and able to prove that the statements published by Defendants against Plaintiffs are false. Said evidence, which Plaintiffs are ready, willing, and able to offer into evidence in a trial on the merits, is objective and easily verifiable through public records and the testimony of competent witnesses.

38. The harm faced by Plaintiffs outweigh the harm that would be sustained by Defendants if the preliminary injunction were granted. Specifically, Plaintiffs and its members, directors, officers, agents and employees, suffer injury to their reputation, character, integrity, and virtue that subjects them to public hatred, contempt, ridicule, and financial injury and impairs their ability to conduct, maintain, promote, and solicit business. SHELTON's false statements, as republished by ARDEN by and through her website, are not privileged and serve no public interest, but instead, were posted as a malicious act performed with the intent to produce the results of which Plaintiffs complain herein. SHELTON and ARDEN would suffer

no injury if the preliminary injunction were granted; however, Plaintiffs would suffer and/or would continue to suffer immediate and irreparable injury.

39. Issuance of a preliminary injunction against Defendants, SHELTON and ARDEN, would not adversely affect the public interest and public policy, because the wrongful acts of which Plaintiffs complain are based upon false statements which could serve no public interest or policy. The falsity of SHELTON's statements, as published and/or republished on ARDEN's website, are easily verifiable through public records.

40. Plaintiffs are willing to post a bond in an amount that the court deems appropriate and/or are willing to continue the bond set by the court for the temporary restraining order, if issued.

41. Plaintiffs ask the court to set for hearing, at the earliest possible time, its application for preliminary injunction and, after hearing the request, issue a preliminary injunction against Defendants, SHELTON and ARDEN.

## M.  REQUEST FOR PERMANENT INJUNCTION AGAINST SHELTON AND ARDEN

42. Plaintiffs incorporate by reference paragraphs 1 through 41 hereinabove as if set forth verbatim herein.

43. Plaintiffs ask the court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants, SHELTON and ARDEN.

## N.  EQUITABLE REMEDY AGAINST SHELTON AND ARDEN

44. Plaintiffs incorporate by reference paragraphs 1 through 43 hereinabove as if set forth verbatim herein.

45. In addition to the damages and injunctive relief described hereinabove, Plaintiffs further ask the Court to order Defendants, SHELTON and ARDEN, to remove and/or cause to be removed the false and defamatory statements published by Defendants against Plaintiffs, and HERITAGE's members, directors, officers, agents, and employees.

## O.  ATTORNEY FEES

46. Plaintiffs incorporate by reference paragraphs 1 through 45 hereinabove as if set forth verbatim herein.

47. Plaintiffs plead for recovery of attorney's fees in the amount of $5,000.00 under equitable theories.

48. Plaintiffs seek additional attorney's fees in the amount of $15,000.00 if this case is appealed to an appellate court, and seeks additional attorney's fees in the amount of $25,000.00 if this case is appealed to the Texas Supreme Court or higher court.

## P.  CONDITIONS PRECEDENT

49. Plaintiffs incorporate by reference paragraphs 1 through 48 hereinabove as if set forth verbatim herein.

50. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## R.  PRAYER

51. Plaintiffs incorporate by reference paragraphs 1 through 50 hereinabove as if set forth verbatim herein.

52. For these reasons, Plaintiffs asks that Defendants, SHELTON and ARDEN, be cited to appear and answer and, on final trial, that Plaintiffs have judgment against Defendants for:

    a. Preliminary Injunctions as described herein;

    b. Permanent Injunctions as described herein;

    c. Specific Performances as described herein;

    d. Actual Damages as described herein;

    e. Exemplary Damages as described herein;

    f. Special Damages including but not limited to:

        1. Lost past and future income and/or profits;

        2. Injury to reputation;

        3. Loss of employment and business opportunity; and

        4. Loss of business;

    g. Pre- and post-judgment interest;

    h. Costs of suit;

    i. Attorney fees; and

    j. All other relief, in law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**HERITAGE PACIFIC FINANCIAL, LLC**
**d/b/a HERITAGE PACIFIC FINANCIAL**

By:    /s/ Lishel M. Bautista
      Lishel M. Bautista
      SBN 24042457
      Heritage Pacific Financial
17120 N. Dallas Parkway, Suite 135
Dallas, Texas 75248
Tel. 972.996.5100 / Fax. 972.996.5136
Email: l.bautista@heritagepacificfinancial.com
**GENERAL COUNSEL AND ATTORNEY OF RECORD FOR PLAINTIFFS, HERITAGE PACIFIC FINANCIAL AND CHRISTOPHER GANTER**