IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC | § | |
| D/B/A HERITAGE PACIFIC FINANCIAL | § | |
| and CHRISTOPHER GANTER, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-00580 |
| | § | |
| SHELTON INVESTIGATIONS, LLC | § | |
| and ELIZABETH ARDEN | § | |
|     Defendants. | § | |

**PLAINTIFFS'**
**HERITAGE PACIFIC FINANCIAL & CHRISTOPHER GANTER,**
**MOTION FOR TEMPORARY RESTRAINING ORDER**
**& MEMORANDUM IN SUPPORT**

**NOW COME**, Plaintiffs, HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC FINANCIAL and CHRISTOPHER GANTER, who ask the Court to grant a Motion for Temporary Restraining Order against Defendants, SHELTON INVESTIGATIONS, LLC and ELIZABETH ARDEN.

## A. INTRODUCTION

1.    Plaintiffs are HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC FINANCIAL (hereinafter "HERITAGE") and CHRISTOPHER GANTER (hereinafter "GANTER").

2.    Defendants are SHELTON INVESTIGATIONS, LLC (hereinafter "SHELTON") and ELIZABETH ARDEN (hereinafter "ARDEN").

3.    Plaintiffs sued Defendants for:

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

1

    a. Defamation;

    b. Libel;

    c. Libel Per Se;

    d. Business Disparagement;

    e. Tortious Interference with Existing Contract; and

    f. Tortious Interference with Prospective Relations.

4. A copy of the original complaint is attached as Exhibit "A" and is incorporated herein by reference.

5. Plaintiffs allege that Defendant, SHELTON, intentionally and maliciously posted false statements, which were asserted as facts, against Plaintiffs on Defendant's, ARDEN, website. By maintaining SHELTON's posting on ARDEN's website, ARDEN republished SHELTON's false statements. Said posting has caused Plaintiffs injury.

6. Attached hereto as Exhibits "A" through "E" are an affidavit and supporting documents offered in support of Plaintiffs' application for injunctive relief. Said exhibits are incorporated herein by reference.

## B. ARGUMENT

7. Plaintiffs will suffer immediate and irreparable injury, for which Plaintiffs have no adequate remedy at law, if Defendants, SHELTON and ARDEN, are not immediately restrained from publishing statements of like or similar kind complained of in *Plaintiffs' Original Complaint & Application for Injunctive Relief* against Defendants, SHELTON and ARDEN, in this cause. Specifically, Plaintiff asks the Court to enjoin Defendants, SHELTON and ARDEN, and Defendants' members, directors, officers, employees and agents, including

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

2

those persons or entities acting in concert with Defendant or subject to Defendant's control, from:

> **Publishing or causing to be published – in written, oral, or graphic form or action -- any false, defamatory, or disparaging statements against Plaintiff, its members, directors, officers, employees or agents, that are expressly or impliedly asserted as facts, regarding the nature, financial position and/or character of Plaintiff's business, including but not limited to any statements alleging or of the following like, kind or nature:**
>
> > a. **Heritage Pacific Financial is not a legitimate "collection company;"**
> >
> > b. **Heritage Pacific Financial is engaged in questionable business practices;**
> >
> > c. **Heritage Pacific Financial misrepresents itself as a company doing business throughout the United States;**
> >
> > d. **Heritage Pacific Financial is not incorporated nor organized as a corporation or limited liability company; and**
> >
> > e. **The members, directors, officers, agents, and employees of Heritage Pacific Financial are being sued.**

8.      The harm that will result if the temporary restraining order is not issued is irreparable, because Plaintiff's reputation, character, honesty, virtue, and integrity are the foundation on which Plaintiff's business is established. Defendants' wrongful conduct injures Plaintiff each day and shall continue to injure Plaintiff if Defendants' wrongful conduct is not immediately enjoined.

9.      Plaintiff has no adequate remedy at law, because the total amount of damages that Plaintiff sustains is incalculable, because Plaintiff is not apprised – and even in the exercise of due diligence cannot apprise itself – of all the business opportunities and lost income which result from Defendants' wrongful acts.

10.     There is a substantial likelihood that Plaintiff will prevail on the merits. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). Specifically, Plaintiff is ready, willing and able to prove

that the statements published by Defendants against Plaintiffs are false. Said evidence which Plaintiff is ready, willing, and able to offer into evidence in a trial on the merits are objective and easily verifiable through public records and the testimony of competent witnesses.

6.     The threatened harm to Plaintiffs outweighs the harm that a temporary restraining order would inflict on Defendants. *Ingram*, 50 F.3d at 900. Specifically, Plaintiffs and its members, directors, officers, agents and employees, suffer injury to their reputation, character, integrity, and virtue that subjects them to public hatred, contempt, ridicule, and financial injury and impairs their ability to conduct, maintain, promote, and solicit business. SHELTON's false statements, as republished by ARDEN by and through her website, are not privileged and serve no public interest, but instead, were posted as a malicious act performed with the intent to produce the results of which Plaintiffs complain herein and in *Plaintiffs' Original Complaint & Application for Injunctive Relief.* SHELTON and ARDEN would suffer no injury if the preliminary injunction were granted; however, Plaintiffs would suffer and/or would continue to suffer immediate and irreparable injury.

7.     Issuance of a preliminary injunction against Defendants, SHELTON and ARDEN, is not against the public interest, because the wrongful acts of which Plaintiffs complain are based upon false statements which could serve no public interest. *Ingram*, 50 F.3d at 900.

8.     On the contrary, the public interest would be served by issuing the temporary restraining order, because there is a strong public interest is preserving and protecting an individual's/entity's good name, character, reputation, and integrity, particularly when the statements compromising their good name, character, reputation, and integrity are false and published with malice, and the livelihoods and stability of those individual's/entity's members,

directors, officers, agents, and employees substantially rely upon the good name, character, reputation, and integrity of those individuals and/or entities.

11.     Plaintiffs are willing to post a bond in an amount that the court deems appropriate and/or are willing to continue the bond set by the court for the temporary restraining order, if issued.

12.     The Court should enter this temporary restraining order without notice to Defendants, SHELTON and ARDEN, because Plaintiff will suffer immediate and irreparable injury, loss, or damage if the temporary restraining order is not granted before Defendant can be heard. Notice would be impractical, and there is no less drastic means to protect Plaintiffs' interests. See FED. R. CIV. P. 65(b); *First Tech. Safety Sys. V. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

13.     Specifically, Defendant, SHELTON, engaged in the wrongful conduct described herein and in *Plaintiffs' Original Complaint & Application for Injunctive Relief* with malice and in the hopes of achieving the injury that Plaintiff currently suffers. If Defendant, SHELTON, is not immediately enjoined and a hearing is required before such injunction can be issued, Plaintiffs reasonably fears that Defendant, SHELTON, may use the interim period, before it is enjoined, utilizing ARDEN and/or her website, to cause further injury to Plaintiff.

14.     Plaintiff asks the Court to set the request for a preliminary injunction for hearing at the earliest possible time.

15.     SHELTON published, on ARDEN's website, false statements that were asserted as facts against Plaintiffs which cause immediate and irreparable injury to Plaintiffs for which there is no adequate remedy at law. For these reasons, Plaintiffs ask the Court to issue a temporary restraining order prevents Defendants from:

Publishing or causing to be published – in written, oral, or graphic form or action -- any false, defamatory, or disparaging statements against Plaintiff, its members, directors, officers, employees or agents, that are expressly or impliedly asserted as facts, regarding the nature, financial position and/or character of Plaintiff's business, including but not limited to any statements alleging or of the following like, kind or nature:

a.  Heritage Pacific Financial is not a legitimate "collection company;"

b.  Heritage Pacific Financial is engaged in questionable business practices;

c.  Heritage Pacific Financial misrepresents itself as a company doing business throughout the United States;

d.  Heritage Pacific Financial is not incorporated nor organized as a corporation or limited liability company; and

e.  The members, directors, officers, agents, and employees of Heritage Pacific Financial are being sued.

Respectfully submitted,

**HERITAGE PACIFIC FINANCIAL, LLC
d/b/a HERITAGE PACIFIC FINANCIAL**

By:_____/s/ Lishel M. Bautista_____
        Lishel M. Bautista
        SBN 24042457

Heritage Pacific Financial
17120 N. Dallas Parkway, Suite 135
Dallas, Texas 75248
Tel. 972.996.5100
Fax. 972.996.5136
Email: l.bautista@heritagepacificfinancial.com

**GENERAL COUNSEL AND ATTORNEY OF RECORD FOR PLAINTIFFS, HERITAGE PACIFIC FINANCIAL AND CHRISTOPHER GANTER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Plaintiffs', Heritage Pacific Financial &*

*Christopher Ganter, Motion for Temporary Restraining Order & Memorandum in Support*, have

been forwarded to Defendants, to wit, on this the 24th day of November, 2009:

> **Defendant, SHELTON INVESTIGATIONS, LLC,**
> By and through Kenneth L. Shelton, Registered Agent
> Via Facsimile No. (260) 665-7172,
> In accordance with Local Rule CV-5(d), and
> Via Certified Mail Return Receipt Requested to
> 117 West Maumee Street, Suite D, Angola, IN 46703; and
>
>
> **Defendant, ELIZABETH ARDEN,**
> Via Certified Mail Return Receipt Requested
> To Defendant's last known address, being
> P.O. Box 61359, Sunnyvale, CA 94088,
> In accordance with FRCP 5(b)(2)(B).

/s/ Lishel M. Bautista
Lishel M. Bautista

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

7

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to comply with the "Meet and Confer"

Requirements of Local Rule CV-7(h), as more particularly described below, and Defendants'

positions are noted below:

| DEFENDANT | POSITION |
|---|---|
| **SHELTON INVESTIGATIONS, LLC,**<br>By and through<br>Kenneth L. Shelton, Registered Agent | **DEFENDANT OBJECTS TO THE MOTION**<br>On 11/24/09, I spoke to Spoke to Mr. Shelton and Brent of Shelton Investigations. I informed them of my conversation with the office of Mr. Allen R. Stout, Esq., on 11/23/09 wherein Mr. Stout's paralegal could not confirm representation of Shelton Investigations in the federal court case but did confirm representation in a suit filed in Small Claims Court in Indiana. I contacted Mr. Stout's office again to confirm representation in this case. Counsel and his paralegal were out of the office and the receptionist could not confirm representation, but indicated that she would relay the message to Counsel. Mr. Shelton and Brent were unwilling to discuss the Motion and indicated that they were not attorneys and could not determine whether to object or consent to the Motion. I indicated to them that I would note their objection to the Motion. |
| **ELIZABETH ARDEN,** | **UNABLE TO ASCERTAIN POSITION**<br>Plaintiffs' Counsel was unable to personally confer with Defendant, ELIZABETH ARDEN, as Plaintiff is unaware of any contact information for Defendant, save and except for the P.O. Box noted in Plaintiffs' Complaint. |

/s/ Lishel M. Bautista
Lishel M. Bautista

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL v. SHELTON INVESTIGATIONS & ARDEN

8

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **HERITAGE PACIFIC FINANCIAL, LLC** | § | |
| **D/B/A HERITAGE PACIFIC FINANCIAL** | § | |
| **and CHRISTOPHER GANTER,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **SHELTON INVESTIGATIONS, LLC** | § | |
| **and ELIZABETH ARDEN** | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT & APPLICATION FOR INJUNCTIVE RELIEF

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** HERITAGE PACIFIC FINANCIAL, LLC d/b/a HERITAGE PACIFIC

FINANCIAL and CHRISTOPHER GANTER, Plaintiffss, who file this it *Original Complaint &*

*Application for Injunctive Relief* complaining of Defendants, SHELTON INVESTIGATIONS,

LLC, and ELIZABETH ARDEN and for cause shall show:

### A. PARTIES

1. Plaintiff, HERITAGE PACIFIC FINANCIAL, LLC, is a limited liability

company doing business as HERITAGE PACIFIC FINANCIAL (hereinafter "HERITAGE")

that is organized under the laws of the State of Texas.

2. Plaintiff, CHRISTOPHER GANTER, is an individual who is domiciled in the

State of Texas.

3. Upon information and belief, Defendant, SHELTON INVESTIGATIONS, LLC

(hereinafter "SHELTON") is a foreign limited liability company organized under the laws of the

EXhibit "A"

State of Indiana and may be served with process, by serving its **registered agent, Kenneth L.**

**Shelton, at 117 West Maumee Street, Suite D, Angola, IN 46703.**

4.     Upon information and belief, Defendant, ELIZABETH ARDEN (hereinafter

"ARDEN"), is an individual residing in the State of California, who may be served at **P.O. Box**

**61359, Sunnyvale, CA 94088.**

## B. JURISDICTION

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1), because

Plaintiffs and Defendants are citizens of different states and the amount Plaintiffs seeks to

recover exceeds $75,000.00, excluding interest and costs.

## C. FACTS

6.     HERITAGE is in the business of servicing non-performing loans. HERITAGE's

business is largely dependent upon its reputation, character, and integrity in order to establish

business contacts and relations, solicit and secure new clients, retain current clients and to secure

payment from borrowers on the loans/debts that HERITAGE owns and/or services.

CHRISTOPHER GANTER is HERITAGE's Chief Executive Officer.

7.     SHELTON, a private investigations firm, solicits business throughout the United

States and engaged in business with HERITAGE in or about May of 2009.

8.     In or about July of 2009, a dispute arose between HERITAGE and SHELTON.

9.     On or about August 14, 2009, SHELTON published, on the world wide web,

utilizing *Complaints Board*, a statement that, among other things, alleged – expressly or

impliedly – that HERITAGE:

        a.  Was not a legitimate "collection company;"

        b.  Engaged in questionable business practices;

c. Misrepresented itself as a company doing business throughout the United State;

d. Is not incorporated nor organized as a corporation or limited liability company;

e. Along with CHRISTOPHER GANTER is being sued; and

f. Should not be trusted.

10.     Upon information and belief, ARDEN is the Registrant of the website, *Complaints Board*, on which SHELTON published its statement.

### D. COUNT ONE – DEFAMATION
### AGAINST SHELTON & ARDEN

11.     Plaintiffs incorporate by reference paragraphs 1 through 10 hereinabove as if set forth verbatim herein.

12.     Defendant, SHELTON, published on ARDEN's website, false and defamatory statements, in written form and asserted as facts, referring to Plaintiffs.  Said statements are objectively verifiable as false.  ARDEN, in permitting SHELTON's statements to be published on her website, republished the false and defamatory statements.

13.     In publishing said false and defamatory statements, Defendant, SHELTON, was acting willfully and with actual malice, and Defendant, ARDEN, was acting negligently and/or is strictly liable to Plaintiffs without regard to fault.

14.     As a result of Defendants' wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

### E. COUNTS TWO & THREE – LIBEL & LIBEL PER SE
### AGAINST SHELTON & ARDEN

15.     Plaintiffs incorporate by reference paragraphs 1 through 14 above as if set forth

verbatim herein.

16.    Defendant, SHELTON, published on ARDEN's website, false and defamatory statements, in written form and asserted as facts, referring to Plaintiffs. Said statements are objectively verifiable as false. ARDEN, in permitting SHELTON's statements to be published on her website, republished the false and defamatory statements.

17.    As a result of Defendants' wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

## F.  COUNT FOUR – BUSINESS DISPARAGEMENT AGAINST SHELTON

18.    Plaintiffs incorporate by reference paragraphs 1 through 17 hereinabove as if set forth verbatim herein.

19.    Defendant, SHELTON, published false and disparaging statements, on ARDEN's website, regarding HERITAGE's economic interests.  Specifically, Defendant's statements concerned the nature, financial position and/or character of Plaintiffs' business.

20.    In publishing said false and disparaging statements, Defendant, SHELTON, was acting with actual malice and without privilege.

21.    As a result of Defendant's wrongful acts, Plaintiffs have suffered injury as more particularly described herein.

## G.  COUNT FIVE – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT AGAINST SHELTON

22.    Plaintiffs incorporate by reference paragraphs 1 through 21 hereinabove as if set forth verbatim herein.

23.    Plaintiff, HERITAGE, has valid contracts with a number of borrowers, which Defendant, SHELTON, knew. Specifically, HERITAGE, as assignee of non-performing

promissory notes and/or debts, has a number of contracts with borrowers wherein borrowers are to pay Plaintiff on promissory notes that borrowers executed in relation to the purchase of real property. Defendant, SHELTON, had actual and/or constructive knowledge of the nature of Plaintiff's business and the existing contracts that Plaintiff had with borrowers.

24.     Defendant, SHELTON, a stranger to the contract, willfully and intentionally interfered with Plaintiff's contracts, which proximately caused Plaintiff injury as more particularly described herein.

## H.  COUNT SIX –
## TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS AGAINST SHELTON

25.     Plaintiffs incorporate by reference paragraphs 1 through 24 hereinabove as if set forth verbatim herein.

26.     There was a reasonable probability that Plaintiff, HERITAGE, would have entered into new business relationships with third-persons, with which Defendant, SHELTON, intentionally interfered.

27.     Defendant's, SHELTON, conduct was independently tortuous or unlawful and proximately caused Plaintiff's injury, which further caused Plaintiff actual damage or loss as more particularly described herein.

## I.  DAMAGES

28.     Plaintiffs incorporate by reference paragraphs 1 through 27 hereinabove as if set forth verbatim herein.

29.     Defendants', SHELTON and ARDEN, wrongful conduct proximately caused injury to Plaintiffs. Specifically, Defendants', SHELTON and ARDEN, false and defamatory statements, published and/or republished by Defendants, respectively, have:

a.  Impaired HERITAGE's ability to secure clients in HERITAGE's business and/or have caused HERITAGE to expend additional resources to secure said clients;

b.  Impaired HERITAGE's ability to retain clients in HERITAGE's business and/or have caused HERITAGE to expend additional resources to retain said clients;

c.  Impaired HERITAGE's ability to secure payments from borrowers and/or have caused HERITAGE to expend additional resources to secure payment from said borrowers;

d.  Tarnished and injured Plaintiffs' reputation, and the reputation of HERITAGE's members, directors, officers, agents and employees thereby exposing HERITAGE and HERITAGE's members, directors, officers, agents and employees, including but not limited to CHRISTOPHER GANTER, to public hatred, contempt, ridicule, financial injury, and impeaches their honesty, integrity, virtue, or reputation.

30.  Plaintiffs seek unliquidated damages that are within the jurisidictional limits of the court.

31.  Plaintiffs further seeks special damages, including but not limited to:

a.  Lost past and future income and/or profits;

b.  Injury to reputation;

c.  Loss of employment and business opportunity; and

d.  Loss of business.

## J. EXEMPLARY DAMAGES

32.     Plaintiffs incorporate by reference paragraphs 1 through 31 hereinabove as if set forth verbatim herein.

33.     Pursuant to TEXAS CONSTITUTION, Article 16, Section 26, and TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 71.009, Plaintiffs seek exemplary damages from SHELTON for harm caused by Defendant's willful and intentional acts and/or omissions.

34.     Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 41.003(a)(2), as defined by Section 41.001(7), Plaintiffs seek exemplary damages from SHELTON for harm caused by Defendant's malice.

## K. REQUEST FOR PRELIMINARY INJUNCTION AGAINST SHELTON AND ARDEN

35.     Plaintiffs incorporate by reference paragraphs 1 through 34 hereinabove as if set forth verbatim herein.

36.     Plaintiffs will suffer irreparable harm if Defendants, SHELTON and ARDEN, including their members, directors, officers, agents, employees, and those acting in concert with them or subject to their control, are not enjoined during the pendency of this lawsuit from:

**Publishing or causing to be published – in written, oral, or graphic form or action -- any false, defamatory, or disparaging statements against Plaintiffs, HERITAGE and GANTER, and/or HERITAGE's members, directors, officers, employees or agents, that are expressly or impliedly asserted as facts, regarding Plaintiffs' nature, financial position and/or character, including but not limited to any statements alleging or of the following like, kind or nature:**

**a. Heritage Pacific Financial is not a legitimate "collection**

company;"

b. Heritage Pacific Financial is engaged in questionable business
   practices;

c. Heritage Pacific Financial misrepresents itself as a company
   doing business throughout the United States;

d. Heritage Pacific Financial is not incorporated nor organized as
   a corporation or limited liability company; and

e. The members, directors, officers, agents, and employees of
   Heritage Pacific Financial, including but not limited to
   CHRISTOPHER GANTER, are being sued.

37.     There is a substantial likelihood that Plaintiffs will prevail on the merits, because
Plaintiffs are ready, willing and able to prove that the statements published by Defendants
against Plaintiffs are false.  Said evidence, which Plaintiffs are ready, willing, and able to offer
into evidence in a trial on the merits, is objective and easily verifiable through public records and
the testimony of competent witnesses.

38.     The harm faced by Plaintiffs outweigh the harm that would be sustained by
Defendants if the preliminary injunction were granted.  Specifically, Plaintiffs and its members,
directors, officers, agents and employees, suffer injury to their reputation, character, integrity,
and virtue that subjects them to public hatred, contempt, ridicule, and financial injury and
impairs their ability to conduct, maintain, promote, and solicit business. SHELTON's false
statements, as republished by ARDEN by and through her website, are not privileged and serve
no public interest, but instead, were posted as a malicious act performed with the intent to
produce the results of which Plaintiffs complain herein.  SHELTON and ARDEN would suffer

no injury if the preliminary injunction were granted; however, Plaintiffs would suffer and/or would continue to suffer immediate and irreparable injury.

39.    Issuance of a preliminary injunction against Defendants, SHELTON and ARDEN, would not adversely affect the public interest and public policy, because the wrongful acts of which Plaintiffs complain are based upon false statements which could serve no public interest or policy. The falsity of SHELTON's statements, as published and/or republished on ARDEN's website, are easily verifiable through public records.

40.    Plaintiffs are willing to post a bond in an amount that the court deems appropriate and/or are willing to continue the bond set by the court for the temporary restraining order, if issued.

41.    Plaintiffs ask the court to set for hearing, at the earliest possible time, its application for preliminary injunction and, after hearing the request, issue a preliminary injunction against Defendants, SHELTON and ARDEN.

## M.  REQUEST FOR PERMANENT INJUNCTION AGAINST SHELTON AND ARDEN

42.    Plaintiffs incorporate by reference paragraphs 1 through 41 hereinabove as if set forth verbatim herein.

43.    Plaintiffs ask the court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants, SHELTON and ARDEN.

## N.  EQUITABLE REMEDY AGAINST SHELTON AND ARDEN

44.    Plaintiffs incorporate by reference paragraphs 1 through 43 hereinabove as if set forth verbatim herein.

45.     In addition to the damages and injunctive relief described hereinabove, Plaintiffs further ask the Court to order Defendants, SHELTON and ARDEN, to remove and/or cause to be removed the false and defamatory statements published by Defendants against Plaintiffs, and HERITAGE's members, directors, officers, agents, and employees.

## O. ATTORNEY FEES

46.     Plaintiffs incorporate by reference paragraphs 1 through 45 hereinabove as if set forth verbatim herein.

47.     Plaintiffs plead for recovery of attorney's fees in the amount of $5,000.00 under equitable theories.

48.     Plaintiffs seek additional attorney's fees in the amount of $15,000.00 if this case is appealed to an appellate court, and seeks additional attorney's fees in the amount of $25,000.00 if this case is appealed to the Texas Supreme Court or higher court.

## P. CONDITIONS PRECEDENT

49.     Plaintiffs incorporate by reference paragraphs 1 through 48 hereinabove as if set forth verbatim herein.

50.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## R. PRAYER

51.     Plaintiffs incorporate by reference paragraphs 1 through 50 hereinabove as if set forth verbatim herein.

52.     For these reasons, Plaintiffs asks that Defendants, SHELTON and ARDEN, be cited to appear and answer and, on final trial, that Plaintiffs have judgment against Defendants for:

a. Preliminary Injunctions as described herein;

b. Permanent Injunctions as described herein;

c. Specific Performances as described herein;

d. Actual Damages as described herein;

e. Exemplary Damages as described herein;

f. Special Damages including but not limited to:

    1. Lost past and future income and/or profits;

    2. Injury to reputation;

    3. Loss of employment and business opportunity; and

    4. Loss of business;

g. Pre- and post-judgment interest;

h. Costs of suit;

i. Attorney fees; and

j. All other relief, in law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**HERITAGE PACIFIC FINANCIAL, LLC**
**d/b/a HERITAGE PACIFIC FINANCIAL**

By:_____/s/ Lishel M. Bautista_____
        Lishel M. Bautista
        SBN 24042457
        Heritage Pacific Financial
17120 N. Dallas Parkway, Suite 135
Dallas, Texas 75248
Tel. 972.996.5100 / Fax. 972.996.5136
Email: l.bautista@heritagepacificfinancial.com
**GENERAL COUNSEL AND ATTORNEY OF**
**RECORD FOR PLAINTIFFS, HERITAGE**
**PACIFIC FINANCIAL AND CHRISTOPHER**
**GANTER**

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **HERITAGE PACIFIC FINANCIAL, LLC** | § | |
| **D/B/A HERITAGE PACIFIC FINANCIAL** | § | |
| **and CHRISTOPHER GANTER,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 4:09-cv-00580 |
| | § | |
| **SHELTON INVESTIGATIONS, LLC** | § | |
| **and ELIZABETH ARDEN** | § | |
| **Defendants.** | § | |

### PLAINTIFFS'
### HERITAGE PACIFIC FINANCIAL & CHRISTOPHER GANTER,
### AFFIDAVIT IN SUPPORT OF
### PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF COLLIN** | § |

**BEFORE ME,** the undersigned notary public appeared CHRISTOPHER GANTER, a person whose identity is known to me. After administering the oath, upon his oath, CHRISTOPHER GANTER did swear to and affirm the following:

1.      "My name is CHRISTOPHER GANTER. I am over 18 years of age and am competent to make this affidavit. All of the following information is within my personal knowledge unless otherwise noted herein.

2.      "I am the Chief Executive Officer of Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial.

3.      "As Chief Executive Officer, I am responsible for procuring business opportunities, establishing and maintaining business relations, as well as for overseeing the operations of Heritage Pacific Financial.

4.      "I have reviewed *Plaintiffs' Original Petition & Application for Injunctive Relief,* and I verify that each and every statement of fact is true and correct.

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

7


Exhibit "B"

5.     "Shelton Investigations, LLC published statements on the world wide web, via ComplaintsBoard.com, which are false. A copy of the posting is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

6.     "Heritage Pacific Financial services non-performing loans and/or debt originated throughout the United States and adheres to strict compliance of all laws in the performance of its business and collection efforts.

7.     "The character, reputation, and integrity of Heritage Pacific Financial, its members, directors, officers, agents, and employees, including but not limited to my personal character, reputation, and integrity as Chief Executive Officer, are vital to the stability and growth of Heritage Pacific Financial. Any statements that tarnish the character, reputation, and integrity of Heritage Pacific Financial, its members, directors, officers, agents, and employees, including but not limited to my personal character, reputation, and integrity, severely compromise Heritage Pacific Financial's ability to effectively conduct, promote, and solicit business. Said statements, through no fault of my own, further compromise my ability to fulfill my duties and obligations to Heritage Pacific Financial, as its Chief Executive Officer, to effectively conduct, promote, and solicit business.

8.     "Contrary to the statements posted by SHELTON on *Complaints Board*, Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial is a limited liability company, in good standing, organized under the laws of the State of Texas. Attached hereto and incorporated herein by reference are true and correct copies of the following Certificates issued by the Office of the Secretary of State for the State of Texas certifying the following:

      a. **Exhibit D:**    Certificate of Filing certifying receipt of the Certificate of Amendment changing the business name from Second Heritage Pacific, LLC to Heritage Pacific Financial, LLC; and

      b. **Exhibit E:**    Certificate of Filing certifying receipt of the Assumed Name Certificate for Heritage Pacific Financial, LLC as "Heritage Pacific Financial."

9.     "Shelton Investigations, LLC has not commenced suit against me, personally, in any state or any jurisdiction of which I have actual or constructive knowledge.

10.    "As a result of Defendants' false statements, which it published, the reputation, character, integrity, honesty, and virtue of Heritage Pacific Financial, and its members, directors, officers, agents and employees, including but not limited to myself, have been compromised such that Heritage Pacific Financial has lost business opportunities, lost income and/or profits and/or has been forced to expend additional resources, not ordinarily required of Heritage Pacific Financial prior to Defendants' posting, to solicit and/or secure new business and/or retain its current business.

11.    "Heritage Pacific Financial, by and through its members, directors, officers, employees or agents, have been forced to:

a. Expend additional resources to retain its current clients. Specifically, Heritage Pacific Financial has had to, among other things, meet and/or conference with existing clients to reassure them that Heritage Pacific Financial is, indeed, a limited liability company, in good standing, duly authorized to do business and employing sound business practices that are in strict compliance with all applicable laws;

b. Expend additional resources to solicit new clients. Specifically, Heritage Pacific Financial has had to, among other things, meet and/or conference with prospective clients, over and above the meetings and/or conferences usually required to solicit prospective clients, to reassure them that Heritage Pacific Financial is, indeed, a duly authorized business, in good standing and employing sound business practices that are in strict compliance with all applicable laws;

c. Expend additional resources to secure clients. Specifically, Heritage Pacific Financial has had to, among other things, meet and/or conference with prospective clients, over and above the meetings and/or conferences usually required to secure prospective clients, to reassure them that Heritage Pacific Financial is, indeed, a duly authorized business, in good standing and employing sound business practices that are in strict compliance with all applicable laws;

d. Expend additional resources to assure borrowers, who have executed promissory notes currently held and payable to Heritage Pacific Financial, that Heritage Pacific Financial is a duly authorized business, in good standing, employing sound business practices that are in strict compliance with all applicable laws.

12. Despite its best efforts, however, Heritage Pacific Financial has:

a. Been unable to secure new clients as a result of Defendants' postings;

b. Suffered a loss of reputation and confidence among its current clients and/or borrowers as a result of Defendants' postings;

c. Lost income from borrowers who have refused to make payment and/or to fulfill payment obligations that they have promised to make after reading Defendants' postings.

13. "The nature, character, and tone of Shelton Investigations, LLC's posting, is patently malicious and encourages the recipients and readers of the same, to shun business dealings, of any kind, with Heritage Pacific Financial. The effects suffered by Heritage Pacific Financial are of the like and kind intended by Shelton Investigations, LLC. If a temporary restraining order is not immediately issued, Heritage Pacific Financial reasonably fears that Shelton Investigations, LLC, due to the clear malicious and intentional character and nature of its current publication, will publish similar misstatements in order to effect the results complained of herein prior to a formal injunction.

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

9

14.   "Heritage Pacific Financial has reason to believe, based upon its investigations, the report of which is attached hereto as Exhibit "D," that ELIZABETH ARDEN is the Registrant of Complaints Board and thus has control over the contents published thereon."

**FURTHER AFFIANT SAYETH NOT.**

_____
Chris Ganter, Affiant and CEO of
Heritage Pacific Financial, LLC d/b/a
Heritage Pacific Financial

**STATE OF TEXAS**          §
                            §
**COUNTY OF DALLAS**        §

**SWORN TO AND SUBSCRIBED** before me, the undersigned notary public, by Chris Ganter on this the 23rd day of November, 2009.

| |
|---|
| MARK V. CARLSON |
| Notary Public |
| State of Texas |
| Comm. Expires 05-08-2013 |

_____
Notary Public in and for the State of Texas

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & MEMORANDUM IN SUPPORT -
HERITAGE PACIFIC FINANCIAL V. SHELTON INVESTIGATIONS & ARDEN

10

## Heritage Pacific Financial

Posted: 2009-08-14 by ✎ Shelton Investigations LLC

**This company is not to be trusted!**

Complaint Rating: ░░░░░░░

**Company information:**
Investigations LLC
17120 N. Dallas Pkwy. Dallas, TX
Indiana
United States
www.heritagepacificfinancial.com

We conducted some work for this so called collection company. They wanted us to track down for them hundreds of past clients that owed them money. We did the work for them and after we completed the work, they refused to pay us. The dumb thing is, is that we have a signed contract stating our agreement. I guess they thought because we are thousands of miles away that they could just dismiss us. Well, we filed suit against them and we will not tolerate this. Beware of this company!

Also, they claim to be this huge national company but we found it odd that this huge company is not even incorporated or an LLC. Chris Ganter is the President and is named in our lawsuit. Don't piss off a private investigation company, we will find you!



Exhibit "C"

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

## Office of the Secretary of State

### CERTIFICATE OF FILING
### OF

### HERITAGE PACIFIC FINANCIAL, LLC
801102852

[formerly: Second Heritage Pacific, LLC]

The undersigned, as Secretary of State of Texas, hereby certifies that a Certificate of Amendment for the above named entity has been received in this office and has been found to conform to the applicable provisions of law.

ACCORDINGLY, the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law, hereby issues this certificate evidencing filing effective on the date shown below.

Dated: 07/28/2009

Effective: 07/28/2009



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

| Phone: (512) 463-5555 | Fax: (512) 463-5709 | Dial: 7-1-1 for Relay Services |
| Prepared by: Laura Rhinehart | TID: 10303 | Document: 269406520002 |



Exhibit "D"

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Hope Andrade
Secretary of State



## Office of the Secretary of State

### CERTIFICATE OF FILING
### OF

## HERITAGE PACIFIC FINANCIAL, LLC
File Number: 801102852
Assumed Name:
HERITAGE PACIFIC FINANCIAL

The undersigned, as Secretary of State of Texas, hereby certifies that the assumed name certificate for the above named entity has been received in this office and filed as provided by law on the date shown below.

ACCORDINGLY the undersigned, as Secretary of State, and by virtue of the authority vested in the secretary by law hereby issues this Certificate of Filing.

Dated: 07/29/2009

Effective: 07/29/2009



Hope Andrade
Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555             Fax: (512) 463-5709             Dial: 7-1-1 for Relay Services
Prepared by: WEBSUBSCRIBER       TID: 10342                      Document: 269568790002

Exhibit "E"