IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HERITAGE PACIFIC FINANCIAL, LLC, | § | |
| D/B/A HERITAGE PACIFIC FINANCIAL | § | |
| and CHRISTOPHER GANTER, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 4:09cv580 |
| | § | |
| | § | |
| SHELTON INVESTIGATIONS, LLC, and | § | |
| ELIZABETH ARDEN, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF**

On December 10, 2009, the Court held a hearing on Plaintiffs' Application for Preliminary Injunction, which is contained in Plaintiffs' Original Complaint (Dkt. 1). After having heard the arguments of counsel and evidence presented and as stated on the record at the hearing, the Court recommends the application for injunctive relief be DENIED.

### BACKGROUND

In this case, Plaintiffs have sued Defendant Shelton Investigations, LLC and Defendant Elizabeth Arden for defamation, libel, libel per se, slander, business disparagement, tortious interference with existing contracts, and tortious interference with prospective relations. Plaintiff Christopher Ganther is the founder and owner of co-plaintiff Heritage Pacific Financial, LLC ("Heritage Pacific"). Heritage Pacific is in the business of collections and purchase of consumer

1

debt throughout the United States. Defendant Shelton Investigations, LLC ("Shelton Investigations") is a small investigation company in Indiana. According to Defendant's counsel, Kenneth Shelton is the owner and only member of the company. Defendant Elizabeth Arden is apparently the registrant of a website called "complaintsboard.com."

Plaintiff's claims arise from an August 14, 2009 posting on "complaintsboard.com," which is apparently a public forum for individuals to post or review complaints about companies or individuals. The post at issue was entitled "Heritage Pacific Financial" and reads:

> We conducted some work for this so called collection company. They wanted us to track down for them hundreds of past clients that owed them money. We did the work for them and after we completed the work, they refused to pay us. The dumb thing is, is that we have a signed contract stating our agreement. I guess they thought because we are thousands of miles away that they could just dismiss us. Well, we filed suit against them and we will not tolerate this. Beware of this company!
>
> Also, they claim to be this huge national company but we found it odd that this huge company is not even incorporated or an LLC. Chris Ganter is the President and is named in our lawsuit. Don't piss off a private investigation company, we will find you!

The purported author of the post was "Shelton Investigations LLC." Plaintiffs claim that the post is defamatory and seek injunctive relief that would prevent Defendants from making any more such defamatory postings or statements.

Defendant Shelton Investigations responds that no authorized representative of the company made the post and that injunctive relief is inappropriate under these facts. Despite apparent attempts to mail notice of the hearing to her, Defendant Elizabeth Arden did not appear at the hearing, and it is unclear from the record whether she has yet to be properly served with notice of the claims by

Plaintiffs herein.

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). Plaintiffs seeking injunctive relief must show:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

EVIDENCE PRESENTED

At the hearing held before the Court on December 10, 2009, the Court heard testimony from Chris Ganter. Plaintiffs and Defendant offered several other pieces of documentary evidence, including the post at issues, other posts from complaintsboard.com, and a contract between Heritage Pacific Financial and Shelton Investigations. Defendant Shelton Investigations did not offer any witnesses at the injunction hearing.

Ganter testified that he is a founder and owner of Heritage Pacific Financial LLC and that it is a collections company registered with the Texas Secretary of State as a Limited Liability

Company. According to Ganter, Heritage Pacific hired Defendant Shelton Investigations LLC to conduct investigations on some of its accounts, but cancelled the parties' written contract when it became dissatisfied with the work done by Shelton Investigations. When asked why the parties contract was entered into by "Heritage Pacific Financial" rather than "Heritage Pacific Financial LLC," Ganter explained that "Heritage Pacific Financial" was a d/b/a for the LLC.

When questioned about the allegations in the post regarding a lawsuit between the parties, Ganter explained that Heritage Financial had been sued by Shelton Investigations in small claims court in Indiana. According to the evidence offered, that suit was filed on August 24, 2009 – ten days *after* the post was made. Ganter testified that he has not been named individually in the Indiana lawsuit and that he is unaware of any lawsuits filed against him personally.

While he quibbled with the use of the term "so called" collections company (rather than "a" collections company), Ganter otherwise conceded to the truth of the first two sentences of the post. As to the third sentence, Ganter conceded that there was a contract between Heritage Pacific and Shelton Investigations. Ganter disputed the statement that Heritage Pacific "refused" to pay Shelton Investigations, but he also conceded that Heritage Pacific did not pay the original balance due. Ganter explained that Heritage Pacific did not pay the original balance due because it cancelled the contract with Shelton Investigations.

Ganter testified that the negative post on the website has caused his company a loss in business, referencing inquiries by prospective clients who specifically have referenced the post and stated concern about the post. Ganter estimates that he has lost at least 2 million dollars in business

as a result of the post.

## ANALYSIS AND FINDINGS

Having heard the evidence presented at the injunction hearing, the Court finds Plaintiffs have not made a satisfactory showing for injunctive relief under Rule 65 and governing authorities. Primarily, Defendant Shelton Investigations has challenged personal jurisdiction, and Defendant Elizabeth Arden appears to be a California resident over whom this Court may lack jurisdiction. Plaintiffs did not offer sufficient evidence to the Court during the injunction proceedings to demonstrate that the Court has personal jurisdiction over Defendants, both of whom are non-resident defendants.[1]

In order to grant injunctive relief, the Court must have personal jurisdiction over Defendants. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Plaintiffs bear the burden of making a *prima facie* showing that the defendant has had minimum contacts with the forum state. *Id.* at 609 (citing *Wilson,* 20 F.3d at 648). Plaintiffs

---

[1]The Court notes that a motion to dismiss based on personal jurisdiction is currently pending before the District Court. The Court's finding as to the sufficiency of the evidence offered at the injunction hearing should not be construed as a ruling on the motion to dismiss or record therein.

here simply did not present sufficient evidence at the hearing to convince the Court that they are likely to overcome Defendant's personal jurisdiction arguments.

Moreover, even if Plaintiffs were able to show that the exercise of personal jurisdiction over Defendants comports with due process, the Court finds that Plaintiffs have not shown how Texas law supports the issuance of an injunction regarding an complaints against Defendants.[2] An injunction enjoining future speech is permissible under article one, section eight of the Texas Constitution only if the trial court makes specific findings supported by the evidence that (1) an imminent and irreparable harm to the judicial process will deprive litigants of a just resolution of their dispute, and (2) the judicial action represents the least restrictive means to prevent that harm. *Davenport v. Garcia*, 834 S.W.2d 4, 10 (Tex. 1992) ("Today we adopt a test recognizing that article one, section eight of the Texas Constitution provides *greater rights* of free expression than its federal equivalent") (emphasis added).

Prior restraints on speech are presumptively unconstitutional under Texas law. *Id.*. As recently noted by one Texas Court of appeals, Texas allows the recovery of damages for defamatory speech, but there is a right to speak defamatory words nonetheless. *Texas Mut. Ins. Co. v. Surety Bank, N.A.*, 156 S.W.3d 125, 129 (Tex. App. - Fort Worth 2005, no pet.). In *Ex parte Tucker,* 220 S. W. 75, 76 (Tex. 1920), the Texas Supreme Court explained this concept:

> There can be no justification for the utterance of a slander. It cannot be too strongly condemned. The law makes it a crime. But there is no power in courts to make one

---

[2]Because Plaintiffs claim diversity jurisdiction here, the Court must apply Texas substantive law to their defamation claims.

> person speak only well of another. The Constitution leaves him free to speak well
> or ill; and if he wrongs another by abusing this privilege, he is responsible in
> damages or punishable by the criminal law.

*Id.* "It is well settled that Texas courts will not grant injunctive relief in defamation or business disparagement actions if the language enjoined evokes no threat of danger to anyone, even though the injury suffered often cannot easily be reduced to specific damages." *Brammer v. KB Home Lone Star, L.P.,* 114 S.W.3d 101, 107 (Tex. App. - Austin 2003, no pet.). Therefore, as long as they do not threaten others, even defamatory statements are provided constitutional protection in most cases under Texas law. *See Hajek v. Bill Mowbray Motors, Inc.,* 647 S.W.2d 253, 255 (Tex. 1983) (dissolving temporary injunction as violative of article one, section eight of Texas Constitution); *Brammer,* 114 S.W.3d at 106-09 (modifying temporary injunction to delete portions enjoining speech based on content); *Markel v. World Flight, Inc.,* 938 S.W.2d 74, 79-81 (Tex. App. - San Antonio 1996, no writ) (holding temporary injunction unconstitutional prior restraint on free expression); *Pirmantgen v. Feminelli,* 745 S.W.2d 576, 578-79 (Tex. App. - Corpus Christi 1988, no writ) (holding temporary injunction violated Texas Constitution); *Strang v. Biggers,* 252 S.W. 826, 827 (Tex. Civ. App.-Dallas 1923, no writ) (affirming dissolution of temporary injunction that violated appellee's freedom of speech); *see also Stansbury v. Beckstrom,* 491 S.W.2d 947, 947-50 (Tex. Civ. App. - Eastland 1973, no writ) (dissolving temporary injunction infringing on appellant's freedom of speech).

As to Plaintiffs' claims of defamation, having considered the evidence presented at the injunction hearing, the Court finds that Plaintiffs have shown that the following three assertions

contained in the post at issue were false:

- that Heritage Pacific Financial LLC is not incorporated or an LLC;

- that Christopher Ganther was a defendant in the Indiana lawsuit; and

- that a lawsuit had been filed as of August 14, 2009

The Court finds that these comments do not warrant the entry of the entry of an injunction against Defendant Shelton Investigations. First, the Court questions whether they even rise to the level of actionable defamation under Texas law, and Plaintiffs were unable to cite to any Texas law that would show that a false statement regarding lawsuits or corporate status could support a defamation finding.

Moreover, while Shelton Investigation did not offer any evidence in support of its claims that it did not make the posting at issue, Plaintiffs have the burden of proof as to their claims. While the lawsuit in Indiana does not appear to have been filed until after the post was made (indicating that it was posted by someone with knowledge of the suit and not because the lawsuit was a matter of public record), the Court also notes that it does appear that *any* person – not just an authorized representative of the company – could use the name "Shelton Investigations LLC" to make a comment or posting on the website. While Plaintiffs may later be able to show that the posting was made by Defendant, there is simply insufficient evidence before the Court at this time to find that Defendant Shelton Investigations or one of its authorized employees or representatives made the allegedly defamatory post.

Moreover, the Court notes that, while the evidence before the Court does indicate that Heritage Pacific Financial is a Texas LLC (making the statement in the post clearly false), the contract between Heritage Pacific and Shelton Investigations LLC was entered into by "Heritage Pacific Financial," *not* "Heritage Pacific Financial LLC." The Court finds that such evidence may affect the likelihood of any success by Plaintiffs on the merits of their defamation claims.

In addition to failing to sustain their burden in showing a likelihood of success on the merits, Plaintiffs also did not demonstrate how any alleged harm here is irreparable, as is required under Rule 65. A showing of a *possibility* of irreparable harm is not enough; the threat of irreparable harm must be *likely*. *Winter v. Nat'l Res. Def. Council, Inc.,* 129 S. Ct. 365, 375 (2008). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Here, damages for defamation are available to Plaintiffs. Indeed, Ganter even testified about the monetary losses he believes that are attributable to the postings. Plaintiffs have not shown how an injunction is the least restrictive means to resolve their dispute or that failure to enjoin Defendants will deprive them of a just resolution of their dispute as is required under Texas law and constitution. *Davenport*, 834 S.W.2d at 10. As noted above, Texas courts find that damages – not injunctions – are the least restrictive ways of redressing any harm to Plaintiffs, and the Court finds that the facts here do not warrant otherwise.

Taking into consideration the evidence presented, the Court simply finds that the three assertions at issue do not warrant the grant of injunctive relief. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

*Winter*, 129 S. Ct. 365, 376 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (*per curiam*)).  Plaintiffs have simply not made a showing here to justify the extraordinary relief it requests.  Therefore, the application should be DENIED.

While Plaintiff's allegations may not justify the entry of injunctive relief, having heard the evidence presented, the Court finds that Heritage Pacific Financial is an LLC lawfully registered in the State of Texas, and any future postings attributable to Defendant Shelton Investigations LLC or its authorized representatives that Heritage Pacific is not an LLC in Texas could result in sanctions by this Court.  The Court also finds that Christopher Gantner was not named in the Indiana lawsuit, and future references to the contrary by Defendant Shelton Investigations LLC or its authorized representatives may warrant the same sanctions.

Because Plaintiffs did not offer any evidence as to Defendant Elizabeth Arden, the Court declines to make any findings as to her at this time.

### RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiffs' Application for Preliminary Injunction, which is contained in Plaintiffs' Original Complaint (Dkt. 1) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of December, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE